UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>             Plaintiff,<br><br>  -against-<br><br>GOYAL GROUP INC. and CHANDRA GOYAL d/b/a Goyal Group, RANA TECHNOLOGY INC. and MOHAMMAD RANA d/b/a/ Family Phone, ABC 1 NYC INC. and SONAM SANGPO d/b/a ABC Wireless NYC,<br><br>             Defendants. | Case No. 18-cv-3857<br><br>**JURY TRIAL DEMANDED** |

### VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF GOYAL GROUP INC. AND CHANDRA GOYAL D/B/A GOYAL GROUP TO PLAINTIFF'S COMPLAINT

Defendants Goyal Group Inc. ("Goyal Group") and Chandra Goyal d/b/a Goyal Group ("Goyal," and collectively with Goyal Group, "Defendants") by and through their undersigned counsel, hereby respond to the allegations in the Complaint of plaintiff DISH Network L.L.C. ("DISH") dated July 3, 2018 (the "Complaint"), as follows:

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint, except admit that Defendant Chandra Goyal is a natural person.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint except deny the allegation that Family Phone purchases Shava TV set-top boxes and services from Goyal Group.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in subparagraph a of Paragraph 28 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in subparagraphs b and c of Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in subparagraph a of Paragraph 31 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in subparagraphs b and c of Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

## AS TO "COUNT I"

34. Defendants incorporate all preceding paragraphs as if fully set forth herein.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains conclusions of law and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants assert the following affirmative defenses. By alleging the defenses set forth below, Defendants do not intend to alter the burden

4

of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue. Moreover, Defendants plead all affirmative defenses in the alternative, and they do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Defendants reserve the right to raise additional affirmative defenses as they become known to them through discovery or investigation.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to state a plausible claim.

3. Plaintiff's copyright and/or copyright registration lacks originality and is otherwise invalid.

4. Plaintiff's claim is barred by the doctrine of fair use.

5. Plaintiff's claim is barred by the doctrine of unclean hands.

6. Plaintiff's claim is barred by the doctrines of laches, release, waiver, and/or estoppel.

7. To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

8. Plaintiff's claim is barred by the doctrine of misuse of copyright.

9. Plaintiff's claim is barred by Plaintiff's license, consent, and acquiescence to Defendants' fair use.

10. Plaintiff's claim is barred, in whole or in part, because Defendants' conduct was at all times in good faith and with non-willful intent.

11. Plaintiff's claim is barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

12. Plaintiff's claims are barred for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered its work.

13. Defendants' actions are protected by the First Amendment of the United States Constitution.

14. Plaintiff's claims are barred because the Defendants did not materially contribute to any alleged infringement.

15. Plaintiff's claims are barred because the Defendants did not knowingly induce or cause any alleged infringement.

16. Plaintiff's claims are barred because the Defendants did not have any knowledge of the alleged direct infringement.

17. Plaintiff's claims are barred in whole or in part by the statute of limitations.

18. Defendants are protected from liability as service providers under safe harbor provisions of the Digital Millennium Copyright Act.

## JURY TRIAL DEMAND

Defendants demand a trial by jury on all issues so triable.

\* \* \*

**WHEREFORE,** Defendants Goyal Group Inc. and Chandra Goyal d/b/a Goyal Group demand Judgment in their favor and against Plaintiff DISH Network L.L.C., as follows:

A. That Plaintiff takes nothing by the Complaint, that Judgment be rendered in favor of Defendants, and that the Complaint be dismissed against Defendants with prejudice;

B. For costs of suit, including reasonable attorneys' fees if permitted by agreement or statute; and

C. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 10, 2018

**BARTON LLP**

By: _____
Maurice N. Ross (MR 6852)

420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com
rrasey@bartonesq.com

*Attorneys for Defendants Goyal Group, Inc. and Chandra Goyal d/b/a Goyal Group*