UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DISH NETWORK L.L.C.,

                Plaintiff,

    -against-

GOYAL GROUP INC. and CHANDRA GOYAL
d/b/a Goyal Group, RANA TECHNOLOGY INC.
and MOHAMMAD RANA d/b/a/ Family Phone,
ABC 1 NYC INC. and SONAM SANGPO d/b/a
ABC Wireless NYC,

                Defendants.

Case No.  18-cv-3857

---

**DEFENDANTS ABC 1 NYC INC. AND SONAM SANGPO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendants ABC 1 NYC Inc. and Sonam Sangpo, by and through their undersigned counsel, submit this Memorandum of Law in support of their motion to set aside the clerk's entry of default, pursuant to Federal Rule of Civil Procedure 55(c).  Default was entered in this action on August 13, 2018 as to defendant Sonam Sangpo, and on September 4, 2018 as to defendant ABC 1 NYC Inc.  For the reasons set forth below, there is good cause to set aside the finding of default against both Sonam Sangpo and ABC 1 NYC Inc.

## PROCEDURAL HISTORY

Plaintiff DISH Network, L.L.C. ("Dish") commenced this action on July 3, 2018 against Defendants Goyal Group Inc, Chandra Goyal, Rana Technology Inc, Mohammad Rana, ABC 1 NYC Inc. ("ABC 1") and Sonam Sangpo.  *See* Dkt. No. 1.  Defendants Goyal Group Inc. and Chandra Goyal (together, the "Goyal Defendants") timely filed an Answer on August 13, 2018.  *See* Dkt. No. 17.  On August 13, 2018, the clerk entered a certificate of default against Sonam Sangpo.  *See* Dkt. No. 18.  On August 24, 2018 Nearaj K. Bhalla, principal for Defendant ABC 1 NYC Inc. ("ABC 1") met with counsel for the Goyal Defendants to discuss the facts of the case pending currently against ABC 1 and Sonam Sangpo.  *See* Declaration of Nearaj K. Bhalla ("Bhalla Decl.") at ¶ 8.  On August 30, 2018, counsel for the Goyal Defendants wrote to counsel for Plaintiff to advise that counsel expected to soon be retained in this matter on behalf of two additional defendants, Sonam Sangpo and ABC 1 and to request a phone conference with counsel for Plaintiff.  Plaintiff requested a certificate of default against ABC 1 that same day, and the clerk entered the default on September 4.  Dkt. No. 19, 20.  Sangpo and ABC 1 retained the undersigned on September 12, 2018.  Bhalla Decl. at ¶ 9; Declaration of Sonam Sangpo ("Sangpo Decl.") at ¶ 10.

## **ARGUMENT**

### A. **Legal Standard**

On August 13, 2018 and August 24, 2018, the clerk entered a certificate of default against defendants Sonam Sangpo and ABC 1 NYC, Inc., respectively. At this time, Plaintiff has not applied to the Court for the entry of a default judgment. Therefore, this motion is brought pursuant to Federal Rule of Civil Procedure ("FRCP") 55(c).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." The Second Circuit has made it clear that "[a] motion to vacate a default is subject to a less rigorous standard than applies to a Rule 60(b) motion to vacate a default judgment." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996). In addition, defaults are generally disfavored, so that all doubts as to whether a default should be vacated must be resolved in favor of the party moving to vacate the default. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

In deciding a Rule 55(c) motion, courts in the Second Circuit consider "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1982); *see also*, e.g., *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 130 (E.D.N.Y. 2015). Further, as it is this Circuit's strong preference to "resolve[e] disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), when deciding whether to vacate the entry of default, all doubts must be resolved in the defendant's favor. *See Davis*, 713 F.2d at 915 (stating that all doubts should be resolved in favor of those seeking relief from default); *see also Enron Oil Corp.*, 10 F.3d at 96.

B. **<u>Defendants' Default Was Not Willful</u>**

"Willfulness" in the context of a Rule 55(c) motion to vacate constitutes more than simple negligence, and requires a finding that the defaulting party has acted in bad faith or that the default arose from egregious or deliberate conduct. *See Sibley*, 304 F.R.D. at 130; *see also SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (willfulness means more than mere negligence or carelessness). Indeed, "[a] default is willful if it is 'more than merely negligent or careless, but is instead egregious and not satisfactorily explained.'" *Llolla v. Karen Gardens Apartment Corp.*, 2016 WL 233665 at *2 (E.D.N.Y. 2016) (citation omitted).

Defendant Sonam Sangpo is a first-generation immigrant to New York City, and has only recently become the proprietor of his own small retail store in Jackson Heights, Queens. *See* Sangpo Decl. at ¶ 11, 14. He is of limited means and cannot speak or read proficiently in English. Sangpo Decl. at ¶ 11-13. Nonetheless, upon receipt of the summons and complaint, Sangpo attempted to contact counsel for Plaintiff to explain his position. *Id.* at ¶ 15. He also attempted to obtain counsel within a reasonable time, only a few weeks after his Answer was due, and retained the undersigned counsel on September 12, 2018. *Id.* at ¶ 10, 16. Sangpo did not attempt to hide or evade Plaintiff's action, but missed his deadline for filing the Answer. *Id.* at ¶ 17-18.

Nearaj Bhalla, principal for defendant ABC 1, is also a first-generation immigrant and proprietor of small retail ventures in Queens. *See* Bhalla Decl. at ¶ 10, 12. Upon his receipt of the summons and complaint in this action, Bhalla wrote a letter to counsel for Plaintiff making clear it was not his intent to evade this action. *Id.* at ¶ 13. Indeed, he explicitly states that he will appear if necessary. *Id.* at ¶ 6, Ex. 1. While it is obvious that Bhalla did not understand the obligations created by the complaint, or the consequences of not appearing, he did attempt to

obtain counsel and did so on September 12, 2018. *Id.* at ¶ 9, 13-16.  Like Sangpo, Mr. Bhalla retained the undersigned counsel within a reasonable time, but missed his deadline for filing an Answer.  *Id.*

Plaintiff cannot show that either Sangpo or ABC 1 behaved in an egregious manner, nor can Plaintiff show that either are operating in bad faith.  Instead, both Sangpo and ABC 1 have obtained counsel and intend to participate fully in this action.  Sangpo Decl. at ¶ 10, 17-21; Bhalla Decl. at ¶ 9, 14-19.  The undersigned counsel recently appeared on their behalf at a Rule 26(f) scheduling conference and in so doing, agreed to be bound by the case management plan set by the Court. Accordingly, this factor weighs in favor of vacating the clerk's entry of default.

C. **Defendants Have Meritorious Defenses**

To satisfy the "meritorious defense" element of the standard for vacating a default, the defaulting party is not required to present evidence which would constitute a complete defense at trial. Instead, a "meritorious defense exists if based on the defendant's version of events, the factfinder has some determination to make." *Sibley*, 304 F.R.D. at 131 (citation omitted).

Sangpo and ABC 1 each have numerous meritorious defenses to this action that they should be permitted to fully litigate.  Plaintiff's complaint consists of claims of contributory copyright infringement based on alleged sales by the defendants of television set-top boxes known as "Shava" boxes. Complaint at ¶ 34-43.  These set-top boxes can allegedly be used to access television channels to which DISH has exclusive license to broadcast in the United States. *Id.* at ¶ 23-24.  The Complaint does not allege direct infringement for any defendant. *See generally id.*  Plaintiff's complaint does not adequately plead contributory infringement, and even if it did, Shava boxes have a substantial non-infringing use.

1. **<u>Plaintiff Did Not Adequately Plead Contributory Infringement</u>**

Central to a claim for contributory copyright infringement, a plaintiff must allege that the defendant "with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another." *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). To even survive a motion to dismiss, "plaintiff must allege that the defendant knew of, and substantially participated in, the alleged direct infringement, for a claim of contributory infringement to stand." *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 CIV. 1164 (RWS), 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003).

Knowledge of allegedly infringing activity is a critical element in a claim for contributory infringement. Accordingly, one who "supplies another with instruments by which another commits a tort, must be shown to have knowledge that the other will or can reasonably be expected to commit a tort with the supplied instrument." *Display Producers, Inc. v. Shulton, Inc.*, 525 F.Supp. 631, 633 (S.D.N.Y.1981) (citations omitted). Furthermore, with regard to participation, an allegation that a defendant "merely provid[ed] the means to accomplish an infringing activity" cannot establish contributory infringement. *Livnat*, 1998 WL 43221, at *3 (citation omitted); *see also Quiroga v. Fall River Music, Inc.*, 1998 WL 851574, at *37 (S.D.N.Y. Dec.7, 1998) ("mere allegation that the defendant provided the third party with the opportunity to engage in wrongful conduct would not even be enough to survive a motion to dismiss"); *Display Producers*, 525 F.Supp. at 633 (a mere allegation that the defendant provided the primary infringer "with the opportunity to engage in wrongful conduct does not, without more, state a claim for contributory infringement ..."). Rather, participation in the infringement must be "substantial" and the "authorization or assistance must bear a direct relationship to the

infringing acts, and the contributory infringer must have acted in concert with the direct infringer." *Livnat*, 1998 WL 43221, at *3 (citing 3 Melville B. Nimmer, David Nimmer, Nimmer on Copyright § 12.04[A][2][a], at 12–75 (1996)).

However, Plaintiff's Complaint does not allege that any of the defendants had knowledge that Shava boxes could be used to infringe Plaintiff's copyrights. Neither does the Complaint allege that any of the defendants had knowledge that the Shava boxes were ever actually used to infringe Plaintiff's copyrights. According to the Complaint, Sangpo and ABC 1 merely stocked and sold[1] Shava boxes to customers for those customers to use. Complaint at ¶ 21, 40. The Complaint does not allege any particular facts showing that either Sangpo or ABC 1 had any knowledge that those alleged customers could, would, or did use Shava set-top boxes to infringe Plaintiff's copyrights. Instead, the Complaint relies upon letters allegedly sent to the Sangpo and ABC 1. Complaint at ¶ 28-32, 39. However, both Sangpo and ABC 1 deny having received those letters. Sangpo Decl. at ¶ 20; Bhalla Decl. at ¶ 18. Similarly, the Complaint does not allege any participation in alleged infringement beyond providing customers with the alleged ability to infringe on Plaintiff's copyrights. Complaint at ¶ 21, 32. Plaintiff's failure to allege either knowledge or participation is a major defect in its pleading, and one that provides both Sangpo and ABC 1 a full meritorious defense to this action.

### 2. Shava Set-Top Boxes Have A Substantial Non-Infringing Use

Even if Plaintiff could make out a prima facie case of contributory copyright infringement against Sangpo and ABC 1, these defendants have an additional meritorious defense, because the Shava set-top boxes have a substantial non-infringing use. As laid out in *Sony Corp. of Amer. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984), selling equipment or

---

[1] Both Sangpo and ABC 1 deny having sold Shava boxes. *See* Sangpo Decl. at ¶ 19; Bhalla Decl. at ¶ 17.

products that facilitate copyright infringement does not constitute contributory infringement if the equipment is "capable of substantial noninfringing uses." *Id.* at 442; *see also*, *e.g.*, *Matthew Bender & Co. v. W. Pub. Co.*, 158 F.3d 693 (2d Cir. 1998). While further discovery is undoubtedly needed on this issue, it is apparent that Shava set-top boxes can be used to access television channels using third party "apps." *See* Shava TV, "Channels," *available at* http://www.shavatv.co/ ("Shava MX is a high quality network media player provide [sic] entertainment (channels / movies) through internet on your television via third party apps."). This means that consumers can use these devices to stream television shows and movies. The boxes can also be used to play videos on YouTube or to cast users' personal content onto their television using a USB device. *See* Shava TV, "Frequently Asked Questions," *available at* http://www.shavatv.co/faqs/#tab-id-9 (explaining that Shava set-top boxes can be used to access YouTube or to access users' personal content via USB). These non-infringing uses are at least as substantial as the recording function in *Sony* and accordingly, Plaintiff's claims for contributory infringement will fail on this basis as well.

### D. Plaintiff Will Not Be Prejudiced by Vacatur of the Defaults

Finally, the court must consider whether Plaintiff will be prejudiced by vacatur of the defaults in this action. Importantly, delay alone does not establish prejudice. Instead, prejudice must result from a loss of evidence, increased difficulties in discovery or a greater opportunity for fraud or collusion. *Sibley*, 304 F.R.D. at 131. To show prejudice in the context of a 55(c) motion, a plaintiff must establish that "its case has suffered from the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Time Warner Cable v. Cabada*, 1997 WL 797533, at *2 (E.D.N.Y. 1997). Plaintiff here has not suffered any appreciable delay as a result of Sangpo and ABC 1's default. Indeed, barely three months have

elapsed since this case was filed.  *See* Dkt. No. 1.  Plaintiff cannot be heard to say that any evidence has been lost, any obstacles to discovery have been erected, or that defendants have engaged in any potential fraud or collusion as a result of this delay.  Moreover, Plaintiff has not yet moved for a final default judgment against either Sangpo or ABC 1, a delay that itself weighs against a finding of prejudice to the Plaintiff.

## **CONCLUSION**

For the reasons set forth above, Defendants Sonam Sangpo and ABC 1 Wireless NYC, Inc. respectfully request that the Court grant their motion to vacate the default entered against them.

Dated: New York, New York
      October 16, 2018

Respectfully submitted,

By: ___/s/ Maurice N. Ross_____
     Maurice N. Ross

**BARTON LLP**
420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com

## CERTIFICATE OF SERVICE

I certify that on the 16th day of October, 2018, the foregoing was served on all counsel of record via U.S. Mail, postage prepaid, and electronic mail.

Stephen M. Ferguson
**HAGAN NOLL & BOYLE LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
Tel. (713) 343-0478
Stephen.Ferguson@hnbllc.com

James T. Sandnes
**SKARZYNSKI, BLACK, LLC**
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Tel. (212) 820-7700
jsandnes@skarzynski.com

Madhureema Gupta, Esq.
37-11 74th Street, Suite 201
Jackson Heights, NY 11372
madhureemagupta@gmail.com

Dated: October 16, 2018                     /s/ Maurice N. Ross
                                            BARTON LLP
                                            420 Lexington Avenue, 18th Floor
                                            New York, New York 10170
                                            (212) 687-6262
                                            mross@bartonesq.com

                                            *Attorneys for Defendants Goyal Group Inc., Chandra Goyal, ABC 1 NYC Inc. and Sonam Sangpo*