UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DISH NETWORK L.L.C.,

                Plaintiff,

  -against-

GOYAL GROUP INC. and CHANDRA GOYAL d/b/a Goyal Group, RANA TECHNOLOGY INC. and MOHAMMAD RANA d/b/a/ Family Phone, ABC 1 NYC INC. and SONAM SANGPO d/b/a ABC Wireless NYC,

                Defendants.

Case No. 18-cv-3857

---

**DEFENDANTS ABC 1 NYC INC. AND SONAM SANGPO'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendants ABC 1 NYC Inc. ("ABC 1") and Sonam Sangpo ("Sangpo," and together with ABC1, "Defendants"), by and through their undersigned counsel, submit this Reply Memorandum of Law in further support of their motion to set aside the clerk's entry of default, pursuant to Federal Rule of Civil Procedure 55(c). Plaintiff focuses excessively on one element of the three-part test to determine whether good cause has been shown to re-open a default. However, considering all relevant factors, this Court should vacate the default in this matter. Defendants have established lack of willful default, evidence of meritorious defense, and lack of prejudice to Plaintiff.

## ARGUMENT

Plaintiff does not dispute Defendants' recitation of the legal standard to re-open a default judgment pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Importantly, however, Plaintiff ignores that although the factors considered to either (a) vacate the entry of default, on the one hand, or (b) vacate a default judgment, on the other hand, are the same, courts apply the standard more leniently when determining whether vacating the entry of a default is appropriate. *See American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); *Sheet Metal Workers' Nat. Pension Fund v. Vardaris Tech, Inc.*, No. 13-CV-5286 (ARR) (RML), 2014 WL 4639213, at *2 (E.D.N.Y. Sept. 16, 2014). This more lenient standard applies here. Most importantly, Plaintiff has failed to refute that Defendants may have meritorious defenses to this action because (a) the product in question has substantial non-infringing uses and, therefore, does not violate any valid copyrights or other intellectual property rights, and (b) Defendants had no reason to assume or believe that the product would necessarily be used by their customers to obtain access to unauthorized infringing content and, therefore, Defendants cannot be liable for contributory infringement. The fatal flaw in Plaintiff's position is its erroneous assumption that

1

the only use of the Shava TV boxes at issue would be to facilitate illegal streaming of Dish Network copyrighted content, when in fact, these boxes can be, and routinely are, used for perfectly legitimate, non-infringing purposes.

### A. Plaintiff Does Not Dispute That Defendants' Default Was Not Willful

As explained in Defendants' moving papers and affidavits, Defendants in this matter did not fail to timely respond to Plaintiff's Complaint in bad faith or with the intent to delay this action or prejudice Plaintiff. *See* Defendants' Memorandum of Law ("Defs' Mem.") at 3-4. Instead, Defendants obtained counsel in a reasonable time (and soon as practicable given their limited financial resources), and now seek to participate fully in this action. Indeed, this matter has been pending for less than four months and will move swiftly upon the vacatur of defaults against the Defendants. Defendants have not attempted to evade this action. To the contrary, Plaintiff does not dispute that each of the Defendants voluntarily contacted counsel for Plaintiff prior to retaining legal counsel in an unsuccessful attempt to settle the matter. Simply put, Defendants had no intention of prejudicing or injuring Plaintiff by their attempt to settle the matter prior to retaining legal counsel and their consequent failure to timely answer the Complaint, and therefore, there is ample reason to find that Defendants' default was not willful. *See Fashion Fragrance & Cosmetics v. Croddick*, No. 02CV6294(WK), 2003 WL 1824638, at *2 (S.D.N.Y. Apr. 8, 2003) (no willfulness where the record showed "no evidence" that the defendant's "staggering" carelessness was "committed for strategic reasons or to gain some tactical advantage"); *Vardaris*, 2014 WL 4639213, at *2 (no willfulness where "there is no indication that the failure to file an answer within the deadline was deliberate, the result of bad faith, or intended to cause undue delay or harassment"). At this stage, Defendants seek nothing more than the opportunity to defend this action on the merits, consistent with the strong public

policy preference of the courts. *See, e.g., American Alliance*, 92 F.3d at 61; *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

### B. Plaintiff's Arguments on Defendants' Meritorious Defense Are Unconvincing and Misleading

"Whether a defendant seeking to avoid a default judgment has presented a meritorious defense does not depend on the likelihood of success." *U.S. Commodity Futures Trading Comm'n v. McCrudden*, No. 10 Civ. 5567 (DRH) (AKT), 2015 WL 5944229, at *24 (E.D.N.Y. Oct. 13, 2015), *report and recommendation adopted*, No. 10 Civ. 5567 (DRH) (AKT), 2015 WL 7161671 (E.D.N.Y. Nov. 13, 2015) (citing *Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 131 (E.D.N.Y.2015)). Indeed, a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98; *Kaisha v. Train Wreck Ltd. Liab. Co.*, No. 17 Civ. 3625 (DLI) (SJB), 2018 WL 4103582, at *5 (E.D.N.Y. May 29, 2018); *Vedder Price P.C. v. US Capital Partners, LLC*, No. 16 Civ. 6787 (JPO), 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017).

Defendants have presented two complete defenses to Plaintiff's claims of contributory negligence against them: (1) Defendants had no reason to assume, and no knowledge that its customers would use the Shava TV boxes to obtain access to Plaintiff's copyrighted programs, since the Shava TV boxes can be used to obtain access to non-infringing programs and content provided by numerous other parties; and (2) Shava TV boxes have substantial non-infringing use, that in any event, defeat any claim of either direct or contributory copyright infringement.

Plaintiff's reliance on its cease and desist letters to prove the requisite intent is misleading and misplaced. These letters are predicated on the erroneous assertion that use of the Shava TV boxes by consumers necessarily results in direct copyright infringement. As shown below in

3

more detail, this is simply wrong. Further, Defendants are not required to accept the allegations in plaintiff's cease and desist letters as true. To the contrary, these letters improperly alleged that Defendants engaged in contributory infringement, when Plaintiff and its counsel knew or should have known that the Shava TV boxes have substantial non-infringing uses and that, therefore, there is no legal or factual justification for asserting claims of contributory copyright infringement. The mere fact that Defendants received these deeply flawed cease and desist letters is no basis to infer intent to contribute to copyright infringement. Defendants could just have easily reviewed these letters and rejected the false assertions contained therein.

Indeed, Plaintiff's cease and desist letters, as well as its response to this motion, are deeply misleading insofar as they suggest that a Court has adjudicated *on the merits* the issue of whether sale, distribution or use of the Shava TV boxes constitutes direct or contributory copyright infringement. In fact, no court has adjudicated on the merits the issue of whether the Shava TV boxes have substantial non-infringing uses. Instead, Plaintiff's cease and desist letters and it allegations in this case disingenuously rely solely on uncontested default judgments that have been entered against Shava, which never defended itself in court against Plaintiff's allegations. Even if Plaintiff's allegations as to Defendants' knowledge[1] of potential infringement and sale of the Shava TV devices are true – allegations which Defendants continue

---

[1] Plaintiff claims that it has evidence of knowledge based on Defendants' alleged receipt of cease and desist letters regarding Shava TV. Plaintiff's Memorandum in Opposition at 2. However, Plaintiff's understanding of the ownership history of ABC 1 Wireless, Inc. and the operation of the storefront, doing business as ABC Wireless.NYC, and located at 37-65 74th Street in Jackson Heights, is misguided. Plaintiff alleges that Sangpo has owned and operated ABC 1 since approximately 2011. *Id.* However, Sangpo has never been an owner of ABC 1 but merely worked in the store as an employee. In or around January 2018, Sangpo took over operation of ABC Wireless.NYC after ABC 1 ceased operating. Therefore, Sangpo received, at best, a single cease and desist letter from Dish. Plaintiff's lack of understanding of these matters calls into question the accuracy of its investigators' affidavits, which Defendants contend are inaccurate in material respects.

4

to unequivocally deny – the substantial non-infringing use doctrine precludes a finding of contributory liability against Defendants.

### 1. Shava TV Has Substantial Non-Infringing Uses

Plaintiff argues that Shava TV boxes are "not capable" of substantial non-infringing uses because it was designed to provide unauthorized access to copyrighted materials. Pl's Mem. at 7. This argument, of course, is plainly incorrect and deeply misleading, as Shava TV boxes have at least three substantial non-infringing uses: (1) authorized streaming of videos and other materials from websites such as YouTube; (2) streaming of user's own material, such as home videos, to a television set through a USB or other media storage device; and (3) authorized streaming of materials from subscription services such as Blockbuster, Hulu Plus and other apps. Indeed, Shava TV boxes allow access to the plethora of streaming services available either for free or through a subscription. These non-infringing uses set Shava TV boxes apart from the services in the lone case cited by Plaintiff. *Compare Capitol Records, LLC v. ReDigi, Inc.*, 934 F.Supp.2d 640 (S.D.N.Y. 2013) (holding that an online system that created duplicates of legally purchased copyrighted material to sell to other users at a discount was "incapable" of non-infringing use because the Court had concluded that the "first sale" defense was inapplicable) *with Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 433 (S.D.N.Y. 2011) (denying plaintiff summary judgment on contributory infringement claims due to material issue of fact regarding substantial non-infringing use; despite evidence that defendant's file-sharing product was "used overwhelmingly for infringement," defendant showed it was also used to access books in the public domain, and by musicians seeking to promote their work through free online distribution). Even if Plaintiff could prove that the Shava TV boxes are primarily used for infringement, that would not be sufficient to establish sales of such boxes by distributors

5

constitute contributory copyright infringement. To the contrary, there is no basis for assuming that distributors know whether not their customers will use the boxes for illicit purposes. This is especially so in cases where the accused distributors sold only a small number of boxes.

### 2. Plaintiff's Reliance on *Grokster* Is Misplaced

Plaintiff relies heavily on *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919, 125 S. Ct. 2764, 2770, 162 L. Ed. 2d 781 (2005) to assert that knowledge of potential infringement makes the substantial non-infringing use defense inapplicable. Pl.'s Mem. at 8-9. Not only are the factual circumstances of *Grokster* drastically different than those found here, Plaintiff utterly misstates *Grokster*'s central holding.

First, unlike the defendants in *Grokster*, Defendants in this matter had no hand in the design, creation or manufacture of Shava TV boxes, and do not control how Shava TV boxes are marketed or advertised. The *Grokster* trial court heard a wealth of evidence showing that the defendants there intended the software to be used to infringe and designed it accordingly. *Grokster*, 545 U.S. at 924-927. Because the Court could see that that the defendants there actually intended the software to be used to infringe, and marketed the software for that purpose, it held that hypothetical non-infringing uses could not shield the defendants from liability for *inducing* copyright infringement. *Id.* at 934 ("Thus, where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement, *Sony's* staple-article rule will not preclude liability."). In other words, the *Grokster* Court's holding is simply that where there is evidence of *intent* to induce infringement, a distributor of a device with non-infringing uses may be held contributorily liable.

Importantly, the *Grokster* Court re-stated *Sony*'s key holding as barring "secondary liability based on presuming or imputing intent to cause infringement solely from the design or distribution of a product capable of substantial lawful use, which the distributor knows is in fact used for infringement." *Id.* at 934. This statement perfectly describes the present case: because of the Shava TV boxes' substantial non-infringing uses, Defendants cannot be held contributorily liable *even if* Defendants knew the device might be used for infringement based on the cease and desist letters or otherwise.[2] At best, Plaintiff could establish that Defendants had knowledge that Shava TV boxes could be used to infringe, but under *Grokster,* that is clearly insufficient to find Defendants liable for contributory infringement. *Sony*'s holding – that contributory infringement arising solely from the distribution of a product with knowledge that the product may be used to infringe, cannot be the basis of liability where the product has a substantial non-infringing use – remains good law. *See Grokster*, 545 U.S. at 933; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170 (9th Cir. 2007) (assuming that *Sony* applies to search engines, then "Google cannot be held liable for contributory infringement *solely* because the design of its search engine facilitates such infringement").

In its opposition to Defendant's motion, Plaintiff appears to argue for the first time that continued infringement after receipt of the cease and desist letters establishes an intent to induce infringement, making Shava TV's substantial non-infringing use immaterial. Pl's Mem. at 7-8. However, the cease and desist letters, themselves, were predicated on the incorrect, and indeed, highly misleading, assertion that the Shava TV boxes lack substantial non-infringing uses. Nothing required Defendants to accept as accurate the assertions of infringement in the cease and desist letters. Thus, the mere fact that Defendants allegedly received cease and desist letters does

---

[2] As stated above, Defendants continue to vigorously deny receipt of these letters as well as sale of Shava TV set-top boxes.

7

not establish intent to induce infringement. To the contrary, Defendants had every reason to believe in the circumstances here that the allegations in the cease and desist letter were untrue, since the Shava TV set-top boxes have substantial non-infringing uses. At the very least, Defendants should be entitled to establish at trial that they had no intent to induce infringement because they believed in good faith that the Shava TV boxes have substantial non-infringing uses. In contrast to a case like *Grokster*, in which discovery showed that defendants consciously designed and distributed a product with the express purpose of filling market demand for infringing music and movies, Defendants in this matter are small retailers selling a host of products. They had no hand in the design or marketing of Shava TV boxes, and Plaintiff's core allegation is that they sold units with the knowledge that those units could be used to infringe, *not* that Defendants had any intent to induce infringement. Complaint at ¶ 14, 40. It is not enough for Plaintiff to prove that Defendants had knowledge that the products could be used to infringe; rather, Plaintiff must prove that Defendants knew that the products would be used solely to infringe and intended to facilitate such use. *See, e.g., EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 100 (2d Cir. 2016) (upholding jury verdict finding contributory liability where executive actively encouraged infringing use by employees and users). We respectfully submit that Plaintiff cannot meet this burden in this case because the products in question have substantial non-infringing uses, and Defendants had no reason to assume that the products would be used by their customers to infringe.

In short, Defendants have presented a substantially meritorious defense. As noted above, the issue of Shava TV boxes substantial non-infringing use has never been adjudicated in any Court, and numerous issues of fact and law remain in dispute. In these circumstances, "[d]efaults are not favored, particularly when the case presents issues of fact, and doubts are to

be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Given Defendants' presentation of a meritorious defense, this case should be allowed to proceed. *See, e.g., Vedder Price*, 2017 WL 4180021, at *3 (S.D.N.Y. Sept. 20, 2017) (threshold to meet the complete meritorious defense prong to reopen a default is "very low") (quoting *Micolo v. Brennan*, No. 07 Civ. 4901, 2009 WL 742729, at *10 (E.D.N.Y. Mar. 18, 2009)).

### C. Plaintiff Cannot Show Prejudice

The final factor to be considered in determining whether to vacate an entry of default is whether the plaintiff will suffer any prejudice from the vacatur. Plaintiff's Opposition here is silent on this issue, and furthermore, has not yet moved for entry of a default judgment against Defendants. Thus, Plaintiff has effectively conceded that it will suffer no prejudice should this matter be re-opened. *Sibley*, 304 F.R.D. at 131; *Team Kasa, LLC v. Humphrey*, No. 17 Civ. 1074 (JS)(AKT), 2018 WL 1867117, at *10 (E.D.N.Y. Jan. 24, 2018), *report and recommendation adopted*, No. 17 Civ. 1074(JS)(AKT), 2018 WL 1083958 (E.D.N.Y. Feb. 26, 2018); *see also American Alliance*, 92 F.3d at 62 ("the presentation of a meritorious defense and the lack of prejudice to [plaintiff] weigh heavily in favor of [defendant]").

### CONCLUSION

For the reasons set forth above, Defendants Sonam Sangpo and ABC 1 NYC, Inc. respectfully request that the Court grant their motion to vacate the default entered against them.

Dated: New York, New York
      November 1, 2018

Respectfully submitted,

By: _____
    Maurice N. Ross

**BARTON LLP**
420 Lexington Avenue, 18th Floor
New York, New York 10170
(212) 687-6262
mross@bartonesq.com

9

## CERTIFICATE OF SERVICE

  I certify that on the 1st day of November, 2018, the foregoing was served on all counsel of record via U.S. Mail, postage prepaid, and electronic mail, and filed via the Court's Official Court Electronic Document Filing System (ECF).

  Stephen M. Ferguson
  **HAGAN NOLL & BOYLE LLC**
  Two Memorial City Plaza
  820 Gessner, Suite 940
  Houston, TX 77024
  Tel. (713) 343-0478
  Stephen.Ferguson@hnbllc.com

  James T. Sandnes
  **SKARZYNSKI, BLACK, LLC**
  One Battery Park Plaza, 32nd Floor
  New York, NY 10004
  Tel. (212) 820-7700
  jsandnes@skarzynski.com

  Madhureema Gupta, Esq.
  37-11 74th Street, Suite 201
  Jackson Heights, NY 11372
  madhureemagupta@gmail.com

Dated: November 1, 2018

       /s/ Maurice N. Ross
      BARTON LLP
      420 Lexington Avenue, 18th Floor
      New York, New York 10170
      (212) 687-6262
      mross@bartonesq.com

      *Attorneys for Defendants Goyal Group Inc.,*
      *Chandra Goyal, ABC 1 NYC Inc. and*
      *Sonam Sangpo*