UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
DISH NETWORK L.L.C.                              :     Case No. 18-CV-3857
                                                 :
      Plaintiff,                                 :     **PLAINTIFF'S FIRST AMENDED**
                                                 :     **COMPLAINT**
      v.                                         :
                                                 :
GOYAL GROUP INC. and CHANDRA                     :
GOYAL d/b/a Goyal Group; RANA                    :
TECHNOLOGY INC. and MOHAMMAD                     :
RANA d/b/a Family Phone; ABC 1 NYC               :
INC., RS NYC 1, INC., ABC WIRELESS 2             :
INC., NEARAJ BHALLA,                             :
LOMANTHANG, INC., and                            :
SONAM SANGPO d/b/a ABC Wireless                  :
NYC,                                             :
                                                 :
      Defendants.                                :
-------------------------------------------------------x

        Plaintiff DISH Network L.L.C. ("DISH") sues Defendants Goyal Group Inc. and Chandra Goyal d/b/a Goyal Group; Rana Technology Inc. and Mohammad Rana d/b/a Family Phone; and ABC 1 NYC Inc., RS NYC 1, Inc., ABC Wireless 2 Inc., Nearaj Bhalla, Lomanthang, Inc., and Sonam Sangpo d/b/a ABC Wireless NYC (collectively, "Defendants"), and states:

## JURISDICTION AND VENUE

        1.     DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

        2.     Defendants reside in and conduct business in the State of New York, and therefore are subject to this Court's personal jurisdiction.

        3.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1391(b)(2) because a substantial part of the events causing DISH's claims occurred in this district, and § 1391(b)(3) because Defendants are subject to personal

jurisdiction in this district.  Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

**PARTIES**

4. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business at 9601 South Meridian Blvd., Englewood, Colorado 80112.

5. Defendant Goyal Group Inc. is a New York corporation with its principal place of business at 62-10 34th Avenue, Woodside, New York 11377.

6. Defendant Chandra Goyal ("Goyal") is a natural person residing at 300 Emory Road, Mineola, New York 11501.  Goyal is the chief executive officer, president, and owner of Goyal Group Inc.  Upon information and belief, Goyal authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Goyal Group Inc.

7. Upon information and belief, Goyal Group Inc. and Goyal (collectively, "Goyal Group") were the agent and/or principal for one another, were acting within the scope of such agency when engaging in the misconduct alleged, and are jointly and severally liable for all damages arising as a result thereof.

8. Defendant Rana Technology Inc. ("Rana Technology") is a New York corporation with its principal place of business at 70-62 Broadway, Jackson Heights, New York 11372.

9. Defendant Mohammad Rana ("Rana") is a natural person residing at 83-42 159th Street, Jamaica, New York 11432.  Rana is the chief executive officer, president, and owner of Rana Technology.  Upon information and belief, Rana authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Rana Technology.

10. Upon information and belief, Rana Technology and Rana (collectively, "Family Phone") were the agent and/or principal for one another, were acting within the scope of such agency when engaging in the misconduct alleged, and are jointly and severally liable for all damages arising as a result thereof.

11. Defendant ABC 1 NYC Inc. ("ABC 1 NYC") is a New York corporation, with its principal place of business at 37-65 74th Street, Jackson Heights, New York 11372.

12. Defendant RS NYC 1, Inc. ("RS NYC") is a New York corporation, with its principal place of business at 73-08 37th Avenue, Jackson Heights, New York, 11372.

13. Defendant ABC Wireless 2 Inc. ("ABC Wireless 2") is a New York corporation, with its principal place of business at 37-59 74th Street, Jackson Heights, New York 11372.

14. Defendant Nearaj Bhalla ("Bhalla") is a natural person residing at 5 Cornell Lane, Hicksville, New York 11801. Upon information and belief, Bhalla is the chief executive officer, president, and owner of ABC 1 NYC, RS NYC, and ABC Wireless 2.[1] Upon information and belief, Bhalla authorized, controlled, participated in, and received direct financial benefits from the infringing activities of ABC 1 NYC, RS NYC, and ABC Wireless 2.

15. Defendant Lomanthang, Inc. ("Lomanthang") is a New York corporation, with its principal place of business at 37-65 74th Street, Jackson Heights, NY 11372.

16. Defendant Sonam Sangpo ("Sangpo") is a natural person residing at 89-14 34th Avenue, Apartment 1E, Jackson Heights, New York 11372. Sangpo is the chief executive officer, president, and owner of Lomanthang. Upon information and belief, Sangpo was an employee of ABC 1 NYC until approximately December 2017 when he purchased the assets of ABC 1 NYC from Bhalla and continued operation of the business under Lomanthang. Upon information and

---

[1] Upon information and belief, Bhalla was also the chief executive, officer, and president of ABC 74, Inc. and ABC Wireless NYC, Inc. prior to their dissolution.

belief, Sangpo authorized, controlled, participated in, and received direct financial benefits from the infringing activities of ABC 1 NYC and Lomanthang.

17. Upon information and belief, ABC 1 NYC, RS NYC, ABC Wireless 2, Bhalla, Sangpo, and Lomanthang (collectively, "ABC Wireless NYC") were the agent and/or principal for one another, were acting within the scope of such agency when engaging in the misconduct alleged, and are jointly and severally liable for all damages arising as a result thereof.

## NATURE OF THE ACTION

18. DISH sues for contributory copyright infringement because Defendants knew that Shava TV set-top boxes and service plans were providing access to television channels exclusively licensed to DISH and materially contributed to direct copyright infringement by Shava and persons purchasing Shava TV set-top boxes and services from Defendants.

19. Defendants demonstrated the willfulness of their infringement by (i) continuing to sell and promote Shava TV set-top boxes and services despite multiple demands from DISH that they cease, (ii) knowing of a permanent injunction against Shava prohibiting further copyright and trademark infringement, and (iii) knowing that a court order enjoined Shava dealers from distributing, selling, and promoting Shava TV set-top boxes and services.

## DISH'S COPYRIGHTS

20. DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide with satellite delivery and over-the-top ("OTT") services whereby programming is delivered using a public Internet infrastructure. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

21. DISH contracts for and purchases rights for the international channels distributed on its platform from networks and their agents, including Al Jazeera Media Network, ARY Digital USA LLC, B4U U.S., Inc., Bennett, Coleman and Company Limited, Century Media Network Inc., GEO USA LLC, GloboSat Entertainment LLC, Hum Network Limited, Impress Telefilm, Inc., International Media Distribution (Luxembourg) S.A.R.L., MBC FZ LLC, National Communications Services (SMC-PVT.) Limited, Soundview ATN LLC, Soundview Broadcasting LLC, TV Today Network Ltd., and Vedic Broadcasting Inc. (collectively, the "Networks"). The Networks' channels, which are also distributed abroad, include Aaj Tak, Aastha, Aastha Bhajan, Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Jazeera Mubasher, ARY Digital, ARY News, ATN Bangla, ATN News, B4U Movies, B4U Music, Channel-i, Dunya TV, Express News, Express Entertainment, Geo TV, Geo News, Future TV, Hum Masala, Hum Sitaray, Hum TV, Iqraa, LBC, MBC1, MBC Drama, MBC Kids (a/k/a MBC3), MBC Masr, Murr TV (aka MTV Lebanon), New TV (a/k/a Al Jadeed), NTV Bangla, OTV, Sahara One, Sahara Samay, and Times Now (collectively, the "Protected Channels"). The Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

22. DISH entered into signed, written agreements with the Networks, which were in effect at all relevant times and are currently in effect, granting DISH the exclusive right to distribute and publicly perform the works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. Sixteen or more works that aired on the Protected Channels and are registered or have registrations pending with the United States Copyright Office include episodes of News Bulletin, Hashtag, Sada Al Malaeb, Bab Al Hara, Chef Hassan, Tasali Ahla Alam, Aaj Shahzeb Khanzada Kay Saath, Mein Har Nahin Manongi, Band Khirkiyan, Good Morning Pakistan, Jeeto Pakistan, Dunya Kamran

5

Khan Kay Sath, Hasb-E-Haal, and Tonight with Moeed Pirzada. A vast number of additional, unregistered copyrighted works also aired on the Protected Channels.

## **DEFENDANTS' CONTRIBUTORY COPYRIGHT INFRINGEMENT**

23. Defendants distributed, sold, and promoted Shava TV set top boxes and services that provide access to the Protected Channels.

24. Goyal Group purchased Shava TV set-top boxes and services from Shava. Goyal Group distributed, sold, and promoted Shava TV set-top boxes and services to Shava TV dealers, including ABC Wireless NYC.

25. ABC Wireless NYC purchased Shava TV set-top boxes and services from Goyal Group. ABC Wireless NYC distributed, sold, and promoted Shava TV set-top boxes and services to end user consumers.

26. Family Phone purchased Shava TV set-top boxes and services directly from Shava, including at least 110 Shava TV set-top boxes and 138 one-year service plan renewals. Family Phone distributed, sold, and promoted Shava TV set-top boxes and services to end user consumers.

27. Shava concedes that "Shava TV is not a regular TV service" and it does "not guarantee nor claim[ ] any rights to the content viewable through Shava TV." Rather, Shava claims to "find … sources and take the signals to your TV sets," specifically "the streams of all the channels/programs." Shava informed its customers that, as far as copyrights and trademarks are concerned, it makes no promises of "non-infringement of intellectual property or other violation of rights."

28. Any member of the public with Internet access, including those throughout the United States, could receive the Protected Channels by purchasing the Shava TV set-top box.

6

29. DISH and networks sued Shava in the United States District Court for the Eastern District of Virginia, Case No. 1:15-cv-706, for copyright infringement and trademark infringement. On January 24, 2017, the court entered judgment against Shava for $25,650,000 and permanently enjoined Shava from further acts of infringement (the "Injunction"). (Dkt. 124.)

30. That court found that Shava was capturing broadcasts of DISH's television channels and unlawfully retransmitting these channels over the Internet throughout the United States to customers of Shava's service. (Dkts. 124, 120 at 5.) Shava profits by selling Shava TV set-top boxes, which provide access to the piracy service. (*Id.*)

31. That court also found that "[w]ithout authorization or permission [Shava] capture[s], retransmit[s], and broadcast[s] Plaintiffs' channels over the Internet to users of [Shava's] set-top boxes in the United States." (Dkts. 124, 120 at 6.) "[Shava] accomplishes this conduct partially through a peer-to-peer network through which [Shava's] users not only receive Plaintiffs' programming in the United States but also retransmit the programming to other users." (*Id.*)

32. DISH sent Defendants a copy of the Injunction and a written demand that Defendants cease distributing, providing, and promoting Shava TV set-top boxes and services. Notice was sent on at least the following dates:

    a. to Goyal Group dated April 27, 2017;

    b. to Family Phone dated March 13, 2017 and August 23, 2017; and

    c. to ABC Wireless NYC dated March 28, 2017, and August 23, 2017.

33. The District Court for the Eastern District of Virginia subsequently entered an order on February 22, 2018 finding Shava in contempt for continuing to infringe DISH's exclusive rights

in its copyrights and trademarks by unlawfully retransmitting the Protected Channels over the Internet throughout the United States to customers of its Shava TV service (the "Contempt Order").

34. In its Contempt Order, the court found that Shava TV dealers are instrumental to Shava's copyright and trademark infringement. The Contempt Order enjoined Shava TV dealers from distributing, selling, and promoting Shava TV set-top boxes and services.

35. DISH notified Defendants of the Contempt Order by sending a copy of the order and a written demand that they cease distributing, providing, and promoting Shava TV set-top boxes and services. The dates of these notices included the following:

    a. to Goyal Group dated April 30, 2018;

    b. to Family Phone dated February 28, 2018; and

    c. to ABC Wireless NYC dated February 28, 2018 and May 31, 2018.

36. Defendants actually know that the retransmission of the Protected Channels on the Shava TV service infringes DISH's copyrights. Defendants disregarded DISH's written demands identified in paragraphs 32 and 35, the Injunction, and the Contempt Order, and continued to distribute, sell, and promote Shava TV set-top boxes and services. Defendants did not acknowledge or respond to any of these written demands or the court orders, nor did they take any action to comply.

37. Bhalla and Sangpo formerly conducted business as principals and owners of ABC 74, Inc. ("ABC 74"). Other plaintiffs sued ABC 74, among other dealers, for copyright infringement resulting from their sale of set-top boxes and services, including Shava TV. *See ARY Digital Network USA, Inc. et al. v. ABC 74, Inc. et al.,* Case No. 1:14-cv-3783 (E.D.N.Y.). ABC 74 defaulted in that case on December 1, 2014. Bhalla and Sangpo dissolved ABC 74 and

8

continued to distribute, sell, and promote Shava TV set-top boxes and services through ABC Wireless NYC.

## COUNT I

### Contributory Copyright Infringement Under 17 U.S.C. § 501

38. DISH repeats and realleges the allegations in paragraphs 1-37.

39. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs on the Protected Channels.

40. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, and Pakistan, where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action regarding these works.

41. Shava directly infringes DISH's public performance and distribution rights by providing unauthorized streams of the Protected Channels to the public, including to Defendants' customers. Shava, or others operating in concert with them, control the facilities and equipment used to store and stream the Protected Channels, and they actively and directly cause the Protected Channels to be streamed when Defendants' customers select the Protected Channels using Shava TV set-top boxes.

42. Users of Shava TV infringe DISH's copyrights in the programs that air on the Protected Channels by acting as the peers retransmitting that programming to other users through the Shava TV service.

43. Defendants know of Shava's and Shava TV users' infringement of DISH's exclusive rights under 17 U.S.C. § 501 because Defendants received DISH's letters, the Injunction, and the Contempt Order.

44. Defendants materially contribute to and induce the infringement of DISH's exclusive rights under 17 U.S.C. § 501, including infringement of DISH's exclusive right to publicly perform and distribute its works. Defendants materially contribute to and induce the acts of infringement by promoting the use of Shava TV set-top boxes to connect customers to unauthorized streams of DISH's copyrighted works and supplying the Shava TV set-top boxes and service plans that facilitate, encourage, enable, and create direct streams of programs that air on the Protected Channels between Defendants' customers and Shava and by Defendants' customers acting as the peers retransmitting the programming to other users through the Shava TV service.

45. Defendants' material contribution to and inducement of the infringement of DISH's rights in each of their copyrighted works constitutes a separate and distinct act of infringement.

46. Defendants' acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

47. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, DISH prays for judgment against Defendants:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

1. retransmitting, streaming, distributing, or publicly performing in the United States, with the Shava TV set-top box or service, or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

2. distributing, selling, providing, or promoting any product or service, including the Shava TV set-top box or service, that comprises the whole or part of a network or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels;

3. advertising, displaying, or marketing the Shava TV set-top box or service in connection with the Protected Channels or the programming that comprises the Protected Channels; and

4. contributing to others' conduct that falls within 1, 2, or 3 above.

B. For infringement of the sixteen or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or the profits of Defendants attributable to the violations alleged of those registered works under 17 U.S.C. § 504(b).

C. For infringement of unregistered works, an award of the profits of Defendants attributable to the violations alleged of each unregistered work under 17 U.S.C. § 504(b).

D. For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E. For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.      For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.      For such additional relief as the Court deems just and equitable.

Dated: January 11, 2019          Respectfully submitted,

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
stephen.ferguson@hnbllc.com
Joseph H. Boyle (*pro hac vice*)
joe.boyle@hnbllc.com
**HAGAN NOLL & BOYLE, LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

James T. Sandnes
jsandnes@skarzynski.com
**SKARZYNSKI, BLACK, LLC**
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Telephone: (212) 820-7700
Facsimile: (212) 820-7740

Attorneys for Plaintiff DISH Network L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2019, a true and correct copy of Plaintiff's First Amended Complaint was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all CM/ECF participants in this case.

/s/ Stephen M. Ferguson
Stephen M. Ferguson (*pro hac vice*)
**HAGAN NOLL & BOYLE, LLC**
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146