UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.18cv3857

DISH NETWORK LLC

RANA DEFENDANTS
RESPONSE TO
ORDER TO SHOWCAUSE

Plaintiff

Vs.

GOYAL GROUP INC. and CHANDRA GOYAL
D/b/a Goyal Group, RANA TECHNOLOGY INC., and
MOHAMMAD RANA d/b/a Family Phone, ABC1 NYC INC.
RS NYC1, INC.ABC WIRELESS 2INC. NEARAJ BHALLA,
LOMANTHANG, INC.,
And SONAM SANGPO d/b/a ABC Wireless NYC,
 ABC1 NYC INC.  and
SONAM SANGPO d/b/a ABC Wireless NYC,
                        Defendants

ATTORNEY DECLARATION

I, Madhureema Gupta declare as, follows:

1. I am an attorney for the defendant Rana Technology Inc and Mohammed Rana. I am licensed to practice law in New York. I make this declaration in Response to Order to Showcause why sanction including default should not be entered against Rana for noncompliance of court order to plaintiff request to production of document based on the files maintained in office and information provided to me by the defendant and personal knowledge.

2. On January 18, 2019, the court made order for document production on a telephonic hearing.

**SANCTION INCLUDING DEFAULT SHOULD NOT BE ENTERED AGAINST RANA TECHNOLOGY INC., and   RANA TECNOLOGY INC.  BECAUSE THE DEFENDANTS COMPLIED WITH THE COURT ORDER TO PLAINTIS'S REQUEST FOR DOCUMENT PRODUCTION**

3. The defendant Rana Technology Inc. and Mohammad Rana as per court order dated Jan 18, 2019, responded to plaintiff's request for document production.

4. The defendants served their respond to plaintiff attorney Mr. Ferguson via email on February 2, 2019 at 3A.M with few hours delay because the defendant's counsel was having problem with the scanner.

5. The defendant came to undersigned office on February 1, 2019 with all the documents. and the undersigned prepared the response to Plaintiff interrogatories and plaintiff's demand for document production. Please see defendant's **affidavit Exhibit 1.**

The undersigned emailed the defendants response and the entire document she received from the defendant to the plaintiff attorney Stephan Ferguson at Stephen.Ferguson@hnbllc.com on Feb 2, 2019 at 3AM around midnight of February 1, 2019, few hours delay due to scanning problem. The defendants apologize for few hours delay.

6, The undersigned was trying to email the documents to plaintiff attorney since evening of February 1, 2019, However, the undersigned was having problems in scanning the documents because there were a lot of pages to be scanned in one document. Finally, the undersigned was able to scan the defendant's response to document production in two sets and emailed the documents to plaintiff as per its request for document production on February 2, 2019, at 3AM and requested the plaintiff to accept the defendant's response because the few hours delay happened due to scanner problem. **Please see Exhibit 2, 2 A, and 2 B, the Defendant's response to Plaintiff's request for document production.**

The undersigned emailed to plaintiff's counsel Mr. Ferguson, the defendant's response to interrogatories and the documents production, with two attachments on 2/2/2019 at 3AM. Attachment 1 consists Exhibits 1to 7, and Attachment 2 consists Exhibits 8, in total 69 pages of documents was emailed to plaintiff's counsel Mr. Ferguson on 2/2/2019 at 3AM.

The defendants provided the plaintiff all the documents the defendants have as per court order. **THE DEFENDANTS COMPLIED WITH THE COURT ORDER OF DOCUMENT PRODUCTION.**

7. The defendant served the plaintiff the followings document on 3AM of February 2, 2019 via email to plaintiff's attorney Mr. Ferguson at Stephen.Ferguson@hnbllc.com along with response to interrogatories. **Which was received by Mr., Ferguson.**
*The internet prints out of email to plaintiff attorney Mr. Ferguson from the undersigned Gmail account EXHIBIT 2 along with the 69 pages of defendants' response which was emailed to the plaintiff counsel Mr. Ferguson is attached herewith, as EXHIBIT 2A AND EXHIBIT 2B.*

**The Exhibit 2A AND 2B which was emailed to plaintiff's counsel on 2/2/2019 at 3AM midnight of 2/1/2019, in response to plaintiff's request for document production consists the following documents:**

1. RANA TECHNOLOGY INC. FILING RECEIPT, (as Exhibit 1)
2. PAY PAL RECEIPT (as Exhibit 2)
3. INTERNETS PRINT OUT MOHAMMAD FACEBOOK ACCOUTNT. (as Exhibit 3)
4. QUARTERLY ST100 SHOWING THAT THE RANA TECNILOGY INC. WAS DISSOLVE (as Exhibit 4)
5. STATEMENT OF RANA TECNOLOGY INC. (as EXHIBIT 5)
6. MOHAMMAD RANA TAXRETURN AS SELF EMPLOYED (as EXHIBIT 6)
7. BILLU BARBUR CORP AND BILLU BARBER CORPORATION FILING RECEIPT. AND BILLU BARBER CORP CLOSED. (as EXHIBIT 7)

8.   MR. RANA BANK STATEMENT (as EXHIBIT 8).

Based on the above facts the defendants Rana Technology Inc. and Mohammad Rana complied with court order to plaintiff's request for document production, the defendant provided to plaintiff all the documents the defendants had. in his possession, therefore sanction should not be issued against the above defendants for noncompliance of court order, because the defendant complied with the court order.

9.   **DEFAULT SHOULD NOT BE ENTERED AGAINST THE DEFENDANT RANA TECHNOLOGY INC. AND MOHAMMAD RANA**

**WHILE THE DEFENDANT DID NOT FILE A RESPONSE WITH THE COURT ON TIME. THE DEFENDANTS CONDUCT WERE EXECUSABLE BECAUSE**

**THE DEFENDANTS DID NOT ANSWER THE AMENDED COMPLAINT IN GOOD FAITH BECAUSE THE DEFENDANTS WERE HAVING SETTLEMENT NEGOTIATIONS WITH THE PLAINTIFF**

**The defendant Mohamad Rana and Rana Technology Inc. did not answer the amended complaint as the defendant was having ongoing settlement negotiations with the plaintiff. The defendants were hoping to enter into settlement agreement with the plaintiff, therefore the defendant did not answer the amended complaint in good faith.**
**The defendants are still having ongoing settlement negotiation with the plaintiff. The defendants are e positive for entering into settlement agreement with the plaintiff soon.**

## 10. THE DEFENDANTS REQUEST FOR EXTENSION OF TIME TO FILE ANSWER TO AMENDED COMPLAINT

The defendant request that the defendant be given extension of time to file answer to the Plaintiff's amended complaint. The defendant's answer to plaintiff's First Amended Compliant is attached herewith as Exhibit 3.

The defendant did not answer the amended complaint in good faith because the defendant was expecting and is still expecting to resolve the issues with plaintiff without going to lengthy discovery process and answer, the defendant served the sufficient discovery documents related to plaintiff's claim and was hoping enter into some settlement agreement with the plaintiff. The defendant in compliance with the court order served the plaintiff numerous documents which was requested by the plaintiff and relevant to the case.

## 11. DELAY IN RESPONSE TO AMEWNDED COMPLAINT WILL NOT CAUSE PREJUDICE TO THE PLAINTIFF

The plaintiff addition to the amended complaint was not related to the defendant. The defendant already answered to the plaintiff first complaint which relates to the defendant. The plaintiff had all the information and denial of the defendant regarding their issues in the complaint. The defendant responded to plaintiff interrogatories and served the plaintiff all the documents requested by the plaintiff and which are relevant to plaintiff alleged allegations on 2/2//2019 via email to plaintiff attorney Stephan Ferguson. **The plaintiff received all the discovery information which were relevant to plaintiff's claim against the defendant Mohammad Rana and Rana Technology Inc., Therefore delay in filing response to plaintiff amended complaint will not prejudice the plaintiff.**

## 12. DEFAULT JUDGMENT AGAINST THE DEFENDANTS IN THE AMOUNT OF $1,600,000.00 WILL HIGHLY PREJUDICE THE DEFENDANTS AND CAUSE THEM IRREPARABLE INJURY

After all the discovery and production of documents to the plaintiff, and on-going settlement negotiation the default judgment against the defendant will be highly prejudicial to the defendant and will not serve the justice.

The Rana Technology Inc. is closed. The defendant Mohammad Rana is 70 years. He is retired. He is surviving on social security income and some other income which is only enough to meet his basic needs and basic living expenses. Please see defendant's affidavit Exhibit 1.

Plaintiff is seeking default judgment in the amount of $1,600,000. Which is a very big amount of judgment and very unreasonable amount of judgment against the defendant Mohammad Rana Technology Inc. and highly prejudicial to defendants.

The plaintiff claims allege that selling SHAVA boxes and services after the knowledge that SHAVA is transmitting protected channel and DISH channel and selling SHAVA boxes after the defendant receive injunction notice the plaintiff will seek damage under law.
The defendants did not know of Shava and Shava TV user's infringement of DISH's exclusive rights under 17 U.S.C. section 501 because the defendant's corporation did not receive Dish's letters, the injunction, and the contempt order from the plaintiff.

12.. The defendant did not materially contribute to the infringement of DISH Exclusive rights under 17 U.S.C. section 501 because the defendants did not received DISH 's letters, the injunction and the court orders from the plaintiff.

Therefore, the plaintiff is not entitled to money judgment against the defendant in the amount of $ 1,600,000.00 because the defendant did not violate the injection order.

13.     **UNTILL THE PLAINTIFF PROVES THAT THE DEFENDANT HAS VIOLATED THE INJUCTION ORDER AFTER THE SERVICE OF INJUCTION ORDER ON THE DEFENDANT, THE PLANTIFF IS NOT ENTITLED TO ANY MONEY JUDGMENT AGAINST THE DEFENDANTS MOHAMMAD RANA AND RANA TECHNOLOGY INC. AND ANY MONEY JUDGMEMNT ISSUED AGAINST THE DEFENDANTS WILL BE BEYOND THE SCOPE OF PLAINTIFF COMPLAINT AGAINST THE DEFENDANT**

**AS PER PLAINTIFF RELIEF UNDER HIS COMPLAINT B, C, D, AND E STATES THAT PROFITS OF DEFENDANTS ATTRIBUTABLE TO THE VIOLATIONS ALLEGES OF THIOSE REGISTERED UNDER 17 U.S.C $504 (B)**

**Unless plaintiff proves by evidence that the defendant alleged profits from the sale of alleged SHAVA boxes and SHAVA service amounts to $1600,0000.00 money judgement against the defendants Mohammad Rana and Rana Technology Inc, violates section 17 U.S.C $504 (B), ands which is beyond plaintiff's relief in the complaint.**

**The judgment against the defendant Mohammad Rana and Rana Technology Inc. in the amount of 1600.000.00 is highly prejudicial and violates defendants right to defend himself at trial, it violates defendant's right for fair hearing at trial, the defendants have meritorious**

**defense and the defendants are positive to win in trial. The defendants are ready to go forward with trial.**

## 14. THE DEFENDANTS HAVE MERITORIOUS DEFENSE

A defense is considered meritorious if there is some possibility that the outcome of the suit after a full trial will be contrary to the result archived by the default.

### FACTS:

Defendant had no knowledge that that Shava TV Set top box or service had programming that compromises the protected channel. The defendant had no knowledge that Shava have any connection with dish network channels in any way. The defendant did not received copy of injunction notices and a written demand notices from the plaintiff.

The defendants have a meritorious defense. The defendants request that they be provided an opportunity to defend their case and an opportunity of due process and fair hearing. The defendant will suffer irreparable injury if plaintiff motion for default judgment is granted. The defendant requests the court to grant extension of time to file answer to amended complaint. Alternative, plaintiff be directed to accept the defendants answer to plaintiff amended verified complaint as timely served.

If the defendant prevails in these defenses, the outcome will be contrary to the result achieved by the grant of default against the defendant. Therefore, Defendant has set forth a meritorious defense and satisfies the good cause factor.

## 15. PLAINTIFF WILL NOT SUFFER PREJUDICE IF THE PLAINTIFF MOTION FOR ENTRY OF DEFAULT AFGAINST THE DEFENDANT IS DENIED AND THE DEFENDANT IS PROVIDED EXTENSION OF TIME TO ANSWER THE AMENDED COMPLAINT.

Prejudice is determined by whether a party will be indered in perusing a claim. See Knoebber, 244 f. 3D AT 701. The fact that a party may be denied a quick victory is not sufficient to any relief from a default judgment. Bateman v. United States postal service. 231F.3d 1220, 1225(9th Cir 2000). The delay must result in tangible harm such as loss in evidence, increased difficulties of discovery, or granted opportunity of fraud collusion. Audio Toys, 2007 US Dist LEXIS AT 9.

The undersigned emailed to plaintiff's counsel Mr. Ferguson, the defendant's response to interrogatories and the documents production, with two attachments on 2/2/2019 at 3AM.

Attachment 1 consists Exhibits 1to 7, and Attachment 2 consists Exhibits 8, in total 69 pages of documents was emailed to plaintiff's counsel Mr. Ferguson on 2/2/2019 at 3AM in response. The defendants provided the plaintiff all the documents the defendants have as per court order. THE DEFENDANTS COMPLIED WITH THE COURT ORDER OF DOCUMENT PRODUCTION.

The defendant served the plaintiff the followings document on 3AM of February 2, 2019 via email. Along with response to interrogatories. ***Total 69 pages of response were***

*emailed to the plaintiff counsel Mr. Ferguson. The defendant's response and documents which were emailed to plaintiff's counsel Mr. Ferguson on 2/2/2019 at 3AM are attached herewith, as EXHIBIT 2, 2A, and 2B*

**The Exhibit 1 which was emailed to plaintiff's counsel on 2/2/2019 at 3AM midnight of 2/1/2019 consists the following documents as requested by plaintiff.**

RANA TECHNOLOGY INC. FILING RECEIPT, (as Exhibit 1)

PAY PAL RECEIPT (as Exhibit 2)

INTERNETS PRINT OUT MOHAMMAD FACEBOOK ACCOUTNT. (as Exhibit 3)

QUARTERLY ST100 SHOWING THAT THE RANA TECNILOGY INC. WAS DISSOLVE (as Exhibit 4)

STATEMENT OF RANA TECNOLOGY INC. (as EXHIBIT 5)

MOHAMMAD RANA TAXRETURN AS SELF EMPLOYED (as EXHIBIT 6)

BILLU BARBUR CORP AND BILLU BARBER CORPORATION FILING RECEIPT. AND BILLU BARBER CORP CLOSED. (as EXHIBIT 7)

MR. RANA BANK STATEMENT (as EXHIBIT 8).

The defendant responded to plaintiff interrogatories and served the plaintiff all the documents which the defendant had in his possession, as per plaintiff requests. The document which was served to plaintiff is relevant to plaintiff's alleged claim against the defendant. Here the discovery is almost complete. The plaintiff will not be prejudiced by delay in filing answer to amended complaint, where the addition to amended complaint does not relate to the claim against the defendant. The plaintiff will not suffer tangible harm and be prejudiced with delay.

See Knoebber, 244 f. 3D AT 701. The fact that a party may be denied a quick victory is not sufficient to any relief from a default judgment. Bateman v. United States postal service. 231F.3d 1220, 1225(9th Cir 2000). The delay must result in tangible harm such as loss in evidence, increased difficulties of discovery, or granted opportunity of fraud collusion. Audio Toys, 2007 US Dist LEXIS AT 9.

**THE DEFENDANT WILL BE HIGHLY PREJUDICED IF THE PLAINTIFF IS GRANTED $1,600,000.00 DEFAULT JUDGMENT AGAINST THE DEFENDANTS MOHAMMAD RANA AND RANA TECHNOLOGY INC.** The defendant will be highly prejudiced if the plaintiff motion for entry of default against the defendant is granted. The defendant Mohammad Rana is 70 years old, a low middle class person. The defendant is retired. The defendant has not been involved in SHAVA and transmitting of protective channel. The RANA Technology Inc. is closed. Grant of default judgment against the defendant in the amount of $1600, 000.00 against the 70 years old defendant who is retired and is not selling SHAVA will be highly punitive, arbitrary, and unreasonable and shall be highly prejudicial to the defendant. Please see defendant's affidavit Exhibit 1.

The defendants request to be granted extension of time to serve answer to amended complaint on the plaintiff.

Allowing the case to move forward on merits after only a short delay, where the defendant answered plaintiff interrogatories and provided plaintiff all the documents as per plaintiff request for document production should not prejudice the plaintiff's ability to legitimate the case.

Defendant is ready and willing to litigate this law suit. The defendant delay in responding was not culpable. The defendant has meritorious defenses, and plaintiff will not suffer any prejudice in pursuing its claim if motion to enter default against the defendant is not granted.

## CONCLUSION

Based on the above reasons, the defendant request that this court should not sanction the defendant Mohammad Rana and Rana Technology Inc because the defendants complied with the court order of production of documents to plaintiff request. And the default should not be entered against the defendant Rana Technology Inc and Mohammad Rana and the defendant be granted extension of time of file answer to amended complaint, or the plaintiff be directed to accept the defendant's Answer attached with the declaration as timely filed and place the matter on calendar for trial hearing,

Alternatively, the defendant accepts the judgement of of permanent injunction against the defendant Mohammad Rana and Rana Technology Inc. without any money judgment against the defendant. The defendant disputes the plaintiff's demand for money judgment in the amount $1,600,000.00 against the defendant and the defendant requests for trial /hearing on the issue on money damage only, And any further relief as the court may deem just and proper.

Dated 3/09/2019            /s/ Madhureema Gupta

                                Madhureema Gupta, Esq.
                                Attorney for the defendants
                                Rana Technology Inc., and
                                Mohammad Rana d/b/a Family
                                Address: 37-11 74 Street, Suite 201,
                                Jackson Hts, NY 11377
                                 Phone Tel:917-842-2246/
                                         Fax: 718-478-6579

To,

Plaintiff Attorneys

James T. Sanders
Skarzynski, Black, LLC
One Battery Plaza, 32nd floor,
New York, NY 10004
Tel; 212-820-7700
Fax 212-820-7740

Stephen M. Ferguson
Hagan Noll & Boyle. LLC
Two memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
Telephone # 713-343-0478
Fax# 718-758-0146

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW

DISH NETWORK LLC
                              Plaintiff           CIVIL ACTION NO. 18cv3857
   Vs.
GOYAL GROUP INC. and CHANDRA GOYAL
D/b/a Goyal Group, RANA TECHNOLOGY INC., and
MOHAMMAD RANA d/b/a Family Phone, ABC1 NYC INC.
RS NYC1, INC.ABC WIRELESS 2INC. NEARAJ BHALLA,
LOMANTHANG, INC.,
And SONAM SANGPO d/b/a ABC Wireless NYC,
 ABC1 NYC INC. and
SONAM SANGPO d/b/a ABC Wireless NYC,
                              Defendants

**DECLARATION IN OPPOSITION TO ORDER TO SHOEW CAUSE FOR SANCTION AND ENTRY OF DEFAULT**

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of Rules of the Chief Administrator (22NYCRR).

MADHUREEMA GUPTA, ESQ.
ATTORNEY FOR THE DEFENDANTS
RANA TECHNOLOGY INC., and
MOHAMMAD RANA d/b/a Family Phone
37-11 74 Street, Suite 201,
Jackson Hts, NY 11377
**Tel:917-842-2246**
Fax: 718-478-6579

*To:* _____
*Service of a copy of the within*                                 *is hereby admitted.*
*Dated:* _____

**NOTICE OF SETTLEMENT**
*IS NOTICE OF SETTLEMENT IS PART OF THE LITIGATION BAG WHICH TO BE FILED IN COURT)*
**PLEASE TAKE NOTICE**
   That the within is a (certified) true copy of a
   Entered in the office of the clerk of the within named court on
   **That an Order of which the within is a true copy will be presented for settlement to the Hon.**