UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.18cv3857

**DISH NETWORK LLC**

RANA DEFENDANTS
OPPOSITION TO
CERTIFICATE OF DEFAULT

Plaintiff

Vs.

**GOYAL GROUP INC. and CHANDRA GOYAL**
D/b/a Goyal Group, **RANA TECHNOLOGY INC., and**
**MOHAMMAD RANA** d/b/a Family Phone, ABC1 NYC INC.
RS NYC1, INC.ABC WIRELESS 2INC. NEARAJ BHALLA,
LOMANTHANG, INC.,
And SONAM SANGPO d/b/a ABC Wireless NYC,
 ABC1 NYC INC. and
SONAM SANGPO d/b/a ABC Wireless NYC,
          Defendants

ATTORNEY DECLARATION

I, Madhureema Gupta declare as, follows:

1.  I am an attorney for the defendant Rana Technology Inc and Mohammed Rana. I am licensed to practice law in New York. I make this declaration in opposition to motion for certification of default against Rana. based on the files maintained in office and information provided to me by the defendant and personal knowledge.

.

## THE DEFENDANTS COMPLIED WITH THE COURT ORDER OF DOCUMENT PRODUCTION.

7.  The defendant served the plaintiff the followings document on 3AM of February 2, 2019 via email to plaintiff's attorney Mr. Ferguson at Stephen.Ferguson@hnbllc.com  along with response to interrogatories. **This was received by Mr., Ferguson.**

*The internet prints out of email to plaintiff attorney Mr. Ferguson from the undersigned Gmail account EXHIBIT 2 along with the 69 pages of defendants' response which was emailed to the plaintiff counsel Mr. Ferguson is attached herewith, as EXHIBIT 2A AND EXHIBIT 2B.*

The Exhibit 2A AND 2B which was emailed to plaintiff's counsel on 2/2/2019 at 3AM midnight of 2/1/2019, in response to plaintiff's request for document production consists the following documents:

1. RANA TECHNOLOGY INC. FILING RECEIPT, (as Exhibit 1)
2. PAY PAL RECEIPT (as Exhibit 2)
3. INTERNETS PRINT OUT MOHAMMAD FACEBOOK ACCOUTNT. (as Exhibit 3)
4. QUARTERLY ST100 SHOWING THAT THE RANA TECNILOGY INC. WAS DISSOLVE (as Exhibit 4)
5. STATEMENT OF RANA TECNOLOGY INC. (as EXHIBIT 5)
6. MOHAMMAD RANA TAXRETURN AS SELF EMPLOYED (as EXHIBIT 6)
7. BILLU BARBUR CORP AND BILLU BARBER CORPORATION FILING RECEIPT. AND BILLU BARBER CORP CLOSED. (as EXHIBIT 7)
8. MR. RANA BANK STATEMENT (as EXHIBIT 8).

**BASED ON THE ABOVE FACTS THE DEFENDANT RANA TECHNOLOGY INC AND MOHAMMAD RANA COMPLIED WITH THE COURT ORDER TO PLAINTIFF REQUEST OF DOCUMENT PRODUCTION, THE DEFENDANT PROVIDED THE PLAINTIFF ALL THE DOCUMENTS THE DEFENDANT HAD IN HIS POSSESSION, THEREFORE THE SANCTION SHOULD NOT BE ISSUED AGAINST THE ABOVE DEFENDANTS FOR NONCOMPLIANCE OF COURT**

ORDER, BECAUSE THE DEFENDANTS COMPLIED WITH THE COURT ORDER.

9. DEFAULT SHOULD NOT BE ENTERED AGAINST THE DEFENDANT RANA TECHNOLOGY INC. AND MOHAMMAD RANA

WHILE THE DEFENDANT DID NOT FILE A RESPONSE WITH THE COURT ON TIME. THE DEFENDANTS CONDUCT WERE EXECUSABLE BECAUSE

THE DEFENDANTS DID NOT ANSWER THE AMENDED COMPLAINT IN GOOD FAITH BECAUSE THE DEFENDANTS WERE HAVING SETTLEMENT NEGOTIATIONS WITH THE PLAINTIFF

The defendant Mohamad Rana and Rana Technology Inc. did not answer the amended complaint as the defendant was having ongoing settlement negotiations with the plaintiff. The defendants were hoping to enter into settlement agreement with the plaintiff; therefore the defendant did not answer the amended complaint in good faith.
The defendants are still having ongoing settlement negotiation with the plaintiff. The defendants are e positive for entering into settlement agreement with the plaintiff soon.

10. DELAY IN RESPONSE TO AMEWNDED COMPLAINT WILL NOT CAUSE PREJUDICE TO THE PLAINTIFF

**The Defendants delay in responding was not culpable. The defendant has meritorious defenses, and plaintiff will not suffer any prejudice in pursuing its claim if plaintiff certification for default against Rana Technology Inc. and Mohammad Rana is denied.**

The plaintiff addition to the amended complaint was not related to the defendant. The defendant already answered to the plaintiff first complaint which relates to the defendant. The plaintiff had all the information and denial of the defendant regarding their issues in the complaint. The defendant responded to plaintiff interrogatories and served the plaintiff all the documents requested by the plaintiff and which are relevant to plaintiff alleged allegations on 2/2//2019 via email to plaintiff attorney Stephan Ferguson. **The plaintiff received all the discovery information which were relevant to plaintiff's claim against the defendant Mohammad Rana and Rana Technology Inc., Therefore delay in filing response to plaintiff amended complaint will not prejudice the plaintiff.**

Prejudice is determined by whether a party will be indeed in perusing a claim. See Knoebber, 244 f. 3D AT 701. The fact that a party may be denied a quick victory is not sufficient to any relief from a default judgment. Bateman v. United States postal Service. 231F.3d 1220, 1225(9th Cir 2000). The delay must result in tangible harm such as loss in evidence, increased difficulties of discovery, or granted opportunity of fraud collusion. Audio Toys, 2007 US Dist LEXIS AT 9.

The undersigned emailed to plaintiff's counsel Mr. Ferguson, the defendant's response to interrogatories and the documents production, with two attachments on 2/2/2019 at 3AM.

Attachment 1 consists Exhibits 1to 7, and Attachment 2 consists Exhibits 8, in total

69 pages of documents was emailed to plaintiff's counsel Mr. Ferguson on 2/2/2019 at 3AM in response. The defendants provided the plaintiff all the documents the defendants have as per court order. **THE DEFENDANTS COMPLIED WITH THE COURT ORDER OF DOCUMENT PRODUCTION.**

The defendant responded to plaintiff interrogatories and served the plaintiff all the documents which the defendant had in his possession, as per plaintiff requests. The document which was served to plaintiff is relevant to plaintiff's alleged claim against the defendant. Here the discovery is almost complete. The plaintiff will not be prejudiced by delay in filing answer to amended complaint, where the addition to amended complaint does not relate to the claim against the defendant. The plaintiff will not suffer tangible harm and be prejudiced with delay.

See Knoebber, 244 f. 3D AT 701. The fact that a party may be denied a quick victory is not sufficient to any relief from a default judgment. Bateman v. United States postal service. 231F.3d 1220, 1225(9th Cir 2000). The delay must result in tangible harm Such as loss in evidence, increased difficulties of discovery, or granted opportunity of fraud collusion. Audio Toys, 2007 US Dist LEXIS AT 9.

Allowing the case to move forward on merits after only a short delay, where the defendant answered plaintiff interrogatories and provided plaintiff all the documents as per plaintiff request for document production should not prejudice the plaintiff's ability to legitimate the case.

11. **PLAINTIFF WILL NOT SUFFER PREJUDICE IF THE DEFAULT IS NOT ENTERED AFGAINST THE DEFENDANT BECAUSE PARTIES REACHED SETTLEMENT AGGREEMENT**

AFTER ON-GOING TELEPHONIC CONVERSATION AND EMAIL COMMINICATION. THE PLAINTIFF DISH AND DEFENDANT RANA TECHNOLOGY INC. MOHAMMAD RANA REACHED SETTLEMENT AGREEMENT TODAY ON MARCH 13, 2019. *AN EMAIL PRINTOUT RELATING TO REACHING SETTLEMENT AGGREMENT IS ATTACHED HEREWITH AS EXHIBIT 3.*

## CONCLUSION

Based on the above reasons, the defendant requests that this court should not sanction the defendant Mohammad Rana and Rana Technology Inc because the defendants complied with the court order of production of documents to plaintiff request. And the default should not be entered against the defendant Rana Technology Inc and Mohammad Rana BECAUSE PLAINTIFF DISH AND DEFENDANT RANA TECHNOLOGY INC. AND MOHAMMAD RANA REACHED a SETTLEMENT AGREEMENT. And any further relief as the court may deem just and proper.

Dated 3/13/2019      /s/ Madhureema Gupta

Madhureema Gupta, Esq.
Attorney for the defendants
Rana Technology Inc., and
Mohammad Rana d/b/a Family
Address: 37-11 74 Street, Suite 201,
Jackson Hts, NY 11377
Phone Tel:917-842-2246/
Fax: 718-478-6579

To,

Plaintiff Attorneys

James T. Sanders
Skarzynski, Black, LLC
One Battery Plaza, 32nd floor,
New York, NY 10004
Tel; 212-820-7700
Fax 212-820-7740

Stephen M. Ferguson
Hagan Noll & Boyle. LLC
Two memorials City Plaza
820 Gessner, Suite 940
Houston, TX 77024
Telephone # 713-343-0478
Fax# 718-758-0146

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW

DISH NETWORK LLC
                        Plaintiff                CIVIL ACTION NO. 18cv3857
  Vs.
GOYAL GROUP INC. and CHANDRA GOYAL
D/b/a Goyal Group, RANA TECHNOLOGY INC., and
MOHAMMAD RANA d/b/a Family Phone, ABC1 NYC INC.
RS NYC1, INC.ABC WIRELESS 2INC. NEARAJ BHALLA,
LOMANTHANG, INC.,
And SONAM SANGPO d/b/a ABC Wireless NYC,
 ABC1 NYC INC. and
SONAM SANGPO d/b/a ABC Wireless NYC,
                        Defendants

## DECLARATION IN OPPOSITION TO PLAINTIFF CERTIFICATION OF DEFAULT

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of Rules of the Chief Administrator (22NYCRR).

                                                      MADHUREEMA GUPTA, ESQ.
                                                  ATTORNEY FOR THE DEFENDANTS
                                                      RANA TECHNOLOGY INC., and
                                  MOHAMMAD RANA d/b/a Family Phone
                                                         37-11 74 Street, Suite 201,
                                                            Jackson Hts, NY 11377
                                                                 <u>Tel:917-842-2246</u>
                                                                  Fax: 718-478-6579

*To:* _____
*Service of a copy of the within*                                        *is hereby admitted.*
*Dated:* _____

<u>**NOTICE OF SETTLEMENT**</u>
*IS NOTICE OF SETTLEMENT IS PART OF THE LITIGATION BAG WHICH TO BE FILED IN COURT)*
**PLEASE TAKE NOTICE**
        That the within is a (certified) true copy of a
        Entered in the office of the clerk of the within named court on
        **That an Order of which the within is a true copy will be presented for settlement to the Hon.**